**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-10108-WEB |
| | ) |
| Karen Jack, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

Now before the Court is the defendant, Karen Jack, for sentencing. The defendant has filed two objections to the presentence report as well as a Sentencing Memorandum. The record shows the defendant entered a plea on July 19, 2007 to Bank Fraud, in violation of 18 U.S.C. § 1344(1).

I. Defendant's Objections

The defendant's first objection pertains to the statement contained within the presentence investigative report that nothing in the report warrants a departure. The defendant also raises this issue in the sentencing memorandum. The defendant argues her acceptance of responsibility and her payment of restitution warrant a downward departure. U.S.S.G. § 5K2.0(d)(2) prohibit a departure for the defendant's acceptance of responsibility for the offense, as it is taken into account under § 3E1.1. The application notes to § 3E1.1 state that voluntary payment of restitution prior to adjudication of guilt is an appropriate consideration for acceptance of responsibility and the two level decrease in the offense level. A sentencing court may depart from the Guidelines for acceptance of responsibility when payment of restitution is

1

extraordinary.  United States v. Hendrickson, 22 F.3d 170, 176 (7th Cir. 1994).  The court does not find payment extraordinary.  The restitution paid in this case was generated from the sale of Ms. Jack's house to her daughter, where the defendant continues to reside.  The defendant's voluntary payment after she entered a plea and was found guilty does not constitute a degree of acceptance of responsibility that is outside the cases considered in § 3E1.1.  The two level decrease adequately represents the defendant's acceptance of responsibility.

The defendant objects to the enhancement pursuant to U.S.S.G. § 2B1.1(b)(9)(C), which sets forth a two level increase if the offense involved sophisticated means.  The defendant raises this issue in her sentencing memorandum as well.  The application notes specifically discuss conduct such as hiding assets or transactions through the use of fictitious entities which would indicate sophisticated means. U.S.S.G. § 2B1.1(b)(9)(C), cmt. n.8(B).  The defendant embezzled over $300,000 in a twenty year period.  She admitted to making fictitious entries in customers' accounts at the bank, she prepared false debit tickets for her drawer, and she created false 1099 tax forms for the customers to conceal her actions.  She forged signatures, created a false checking account which was used to move money, and opened a post office box to send bank statements and checks.  Sophistication is judged by the totality of the scheme.  "Repetitive and coordinated conduct, thought no one step is particularly complicated, can be a sophisticated scheme."  United States v. Jackson, 346 F.3d 22, 25 (2d Cir. 2003).  The entire scheme required a level of sophistication to hide the fictitious transactions, and additional steps were taken to conceal previous steps, and this all occurred over a twenty years.  The defendant's objection is denied.

II.  Sentencing Memorandum

The defendant's sentencing memorandum moves for a downward departure and requests this court to place her on home detention.  The defendant is entitled to a downward departure from the guidelines range if circumstances are sufficient to remove her from the heartland of defendants charged with the same offense.  United States v. Marquez-Gallegos, 217 F.3d 1267, 1270 (10th Cir. 2000).  The defendant argues she is entitled to a downward departure based on U.S.S.G. § 5K2.16 because she voluntarily disclosed the offense to the authorities.  "If the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a downward departure may be warranted."  U.S.S.G. § 5K2.16.  Commerce Bank initiated an internal investigation of Karen Jack in February of 2007.  The internal audit disclosed the criminal conduct that occurred over twenty years.  Ms. Jack did not meet with law enforcement until March 12, 2007, after she was fired from her job.  The offense had been discovered prior to her disclosure, and she is not entitled to a departure on this basis.

The defendant requests this court to consider Ms. Jack's age and physical condition.  "Age is not ordinarily relevant in determining whether a departure is warranted.  Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration."  U.S.S.G. § 5H1.1.  "Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted.  However, an extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment."  U.S.S.G. § 5H1.4.

Congress has directed sentencing courts to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553.  The court has considered the factors set forth in 18 U.S.C. § 3553, the nature and circumstances of the offense, the defendant's history and characteristics, as well as the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant.

The defendant supplied to the court documentation from her treating medical doctors.  The court finds Ms. Jack is a 67 year old woman in poor health, with a history of strokes, chronic obstructive pulmonary disease, and respiratory infections.  She take numerous medications.  Home confinement imposes punishment that will be equally efficient and less costly for the government.  Home confinement will protect the public from further crimes of the defendant, and will deter further criminal conduct.  The court takes into consideration the fact the defendant did not have any criminal convictions prior to this offense, the age and physical condition of the defendant, the need to provide restitution to the victim, and the financial cost of imprisonment and medical care compared to the cost of home confinement.

The court grants the defendant's Motion for Departure, ordering the defendant to six months home confinement, as a condition of supervised release.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the Defendant's objection to the pre-sentence report be DENIED.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's request for a downward departure pursuant to 18 U.S.C. § 3553 is GRANTED.

SO ORDERED this 23rd day of January, 2008.

   s/ Wesley E. Brown  
Wesley E. Brown  
Senior U.S. District Judge